UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JESUS REYES, Individually,  :
:
          Plaintiff,  :
:
vs.  : Case No
:
FLAMINGO MARKET PLACE, LLC,  :
a Delaware Limited Liability Company, and  :
FMS CORNERS, LLC, a Florida Limited  :
Liability Company,  :
:
          Defendants.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, JESUS REYES, Individually, on his behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, FLAMINGO MARKET PLACE, LLC, a Delaware Limited Liability Company, and FMS CORNERS, LLC, a Florida Limited Liability Company (sometimes referred to as "Defendant" or "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Defendants' properties (hereinafter sometimes referred to as "Flamingo Market Place" and "FMS Corners"), are two interconnected shopping centers located at 12105 Pembroke Road and 12315-12389 Pembroke Road, Pembroke Pines, FL, in the County of Broward.

2. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the properties' situs.  The Defendants' properties are located in and do business within this judicial district.

3. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See, also, 28 U.S.C. § 2201 and §2202.

4. Plaintiff JESUS REYES is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  As the result of an automobile accident, Mr. Reyes is a quadriplegic and requires a wheelchair to ambulate. Mr. Reyes resides in North Miami, Florida.  He has shopped at the subject Flamingo Market Place / FMS Shopping Centers on multiple occasions, and he definitely intends to return to the subject properties in the near future.

5. Defendants own, lease, lease to, or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendants are responsible for complying with the obligations of the ADA.  The places of public accommodation that the Defendants own, operate, lease or lease to are two interconnected shopping centers known as Flamingo Market Place and FMS Corners, located at 12105 Pembroke Road and 12315-12389 Pembroke Road, Pembroke Pines, FL.

6. JESUS REYES has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 8 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.  JESUS REYES desires to visit the Shopping Centers not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

7.       The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

8.       The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the subject properties has shown that violations exist.  These violations which JESUS REYES personally encountered, and have been confirmed by an expert, include, but are not limited to:

**Parking and Accessible Routes**

a.   There is less than the required number of accessible parking spaces.

b.   There are access aisle throughout the parking facilities that do not adjoin an accessible route as required in §502.3 of the 2010 ADA Standards for Accessible Design.

c.   There are doors in series throughout the facility that do not meet the requirements of §404.2.6 of the 2010 ADA Standards for Accessible Design.

d.   There are doors throughout the facility that do not provide the maneuvering clearances required in §404.2.4.1 of the 2010 ADA Standards for Accessible Design.

**Access to Goods and Services**

a.   The height of many sales counters throughout the facility that do not comply with the requirements of §904.4.1 and §904.4.2 of the 2010 ADA Standards for Accessible Design.

b.   The configuration of many of the check-out aisle counters does not comply with the requirements of §904.3.2 of the 2010 ADA Standards for Accessible Design.

c.   The location of many of the credit card readers/terminals throughout the facility does not comply with the requirements of §904.3.3 and §902.3 of

      the 2010 ADA Standards for Accessible Design.

  d. There are dining surfaces throughout the facility that do not comply with the requirements of §902.2 of the 2010 ADA Standards for Accessible Design.

  .**Restrooms**

  a. There are restroom stalls throughout the facility that do not comply with the requirements of §604.8 of the 2010 ADA Standards for Accessible Design.

  b. There are lavatories in restrooms throughout the facility that do not provided the clear floor space required in §606.2 of the 2010 ADA Standards for Accessible Design.

  c. There are lavatories in restrooms throughout the facility that do not provided the insulation required in §606.5 of the 2010 ADA Standards for Accessible Design.

  d. There are lavatories throughout the facility that are not provided with faucets that comply with §606.4 of the 2010 ADA Standards for Accessible Design.

9. The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

10. The discriminatory violations described in paragraph 8 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff and all others similarly-situated will

continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. 36.302 *et seq.*  Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendants, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

13. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendants are required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the

alternative, if there has been an alteration to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the The Shopping Centers to make the facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    A. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    B. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make

    reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

            Respectfully submitted,

Dated:  November 12, 2014    /s/  Lawrence A. Fuller
               Lawrence A. Fuller, Esquire **(Trial Counsel)**
               FBN 180470
               FULLER, FULLER & ASSOCIATES, P.A.
               12000 Biscayne Blvd., Suite 609
               North Miami, FL 33181
               Telephone: (305) 891-5199
               Facsimile:   (305) 893-9505
               lfuller@fullerfuller.com
               *Attorney for Plaintiff JESUS REYES*